UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CLINT HALFTOWN,

                                        Plaintiff,

                                                              ORDER

-vs-

                                                              24-CV-6420-MAV

THE COUNTY OF CAYUGA, NEW YORK;
and, THE COUNTY OF SENECA, NEW YORK,

                                        Defendants.

_____

Plaintiff Cayuga Nation and Clint Halftown filed the initial complaint in this case in July 2024 against Defendants County of Cayuga, New York; County of Seneca, New York; and Mark Balistreri in his official capacity as Director of the New York State Office of Interoperable and Emergency Communications. ECF No. 1. After Plaintiffs amended the complaint in September of that year, Defendants moved to dismiss the action. In September 2025, the Court issued a decision and order granting Defendant Balistreri's motion to dismiss in its entirety and dismissing him from the action, and granting the County Defendants' motion to dismiss with respect to Plaintiff Cayuga Nation but denying it with respect to Plaintiff Clint Halftown's equal protection claim under 42 U.S.C. § 1983. ECF No. 28. The matter is presently before the Court on the County Defendants' motion for reconsideration of that aspect of the Court's order permitting Halftown's equal protection claim to proceed. ECF No. 29. For the reasons discussed below, the County Defendants' motion is denied.

**LEGAL STANDARD**

The Federal Rules of Civil Procedure do not recognize a motion for

"reconsideration." *See Lopez v. Goodman*, No. 10-CV-6413 CJS, 2013 WL 5309747, at \*1 (W.D.N.Y. Sept. 20, 2013) (citing *Hamilton v. Williams*, 147 F.3d 367, 371 n. 10 (5th Cir. 1998)). However, "'[m]otions for reconsideration may be filed under Federal Rules of Civil Procedure 59(e), 54(b), or 60(b) . . . .'" *Warr v. Liberatore*, No. 13-CV-6508P, 2018 WL 3237733, at \*1 (W.D.N.Y. July 3, 2018) (quoting *McAnaney v. Astoria Fin. Corp.*, 2008 WL 222524, \*3 (E.D.N.Y. 2008)). Here, because the Court's decision on the County Defendants' motion to dismiss Halftown's equal protection claim did not result in an appealable final judgment, Rule 54(b) governs this motion for reconsideration. *Id.*

Rule 54(b), "Judgment on Multiple Claims or Involving Multiple Parties," provides that

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Though this rule indicates that the district court has inherent power to reconsider its own entries prior to the entry of a judgment adjudicating all the claims, "[t]he Second Circuit has 'limited district courts' reconsideration of earlier decisions . . . by treating those decisions as law of the case, which gives a district court discretion to revisit earlier rulings in the same case, subject to the caveat that where litigants have once battled for the court's decision, they should neither be required, nor without good reason permitted, to battle for it again.'" *Warr*, 2018 WL 3237733, at \*2 (quoting *Official Comm. of the Unsecured Creditors of Color Title, Inc. v. Coopers & Lybrand, LLP*, 322

F.3d 147, 167 (2d Cir. 2003)).

For these reasons, the Second Circuit has also stated that motions for reconsideration should generally be denied "'unless there is an intervening change of controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice.'" *Warr*, 2018 WL 3237733, at *2 (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir.), *cert. denied*, 506 U.S. 820 (1992)). "'These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court.'" *Boyde v. Osborne*, 2013 WL 6662862, *1 (W.D.N.Y. 2013) (quoting *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999)).

## DISCUSSION

The County Defendants maintain that the Court must reconsider its earlier decision and order and dismiss Halftown's equal protection claim because he has neither sufficiently alleged an injury-in-fact that establishes Article III standing nor demonstrated that a favorable decision by this Court would redress the injury he alleged. ECF No. 29-1. In response, Halftown argues that the County Defendants' claim that there is no injury-in-fact "altogether misses the mark" because the Supreme Court has identified discriminatory treatment as an example of a concrete, de facto, injury. ECF No. 31 at 5–7. Further, with respect to redressability, Halftown points out that he alleges that the Cayuga Nation Police Department ("CNPD") is the closest law enforcement facility to his residence, and that it is a near certainty that, were the CNPD to gain access to the County Defendants' E911 systems, it would lead to shorter response times to Halftown's residence. *Id.* at 8–11.

## I. The Irreducible Constitutional Minimum of Standing

The Supreme Court has held that the "irreducible constitutional minimum" of standing consists of the showing that a plaintiff has (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016), *as revised* (May 24, 2016) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The party invoking federal jurisdiction bears the burden of demonstrating these three elements. *TransUnion LLC v. Ramirez*, 594 U.S. 413, 430–31 (2021) (citing *Lujan*, 504 U.S. at 561). Where, as here, the case is at the pleading stage, the plaintiff must clearly allege facts demonstrating each element. *Spokeo, Inc.*, 578 U.S. at 338.

## II. Injury-in-Fact

The County Defendants maintain that Halftown has failed to allege an injury in fact because he fails to allege any harm that he *personally* has suffered. ECF No. 32 at 2. The Court disagrees.

"To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo, Inc.*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). "For an injury to be particularized, it must affect the plaintiff in a personal and individual way." *Id.* (internal quotation marks and citations omitted). Further, "a 'concrete' injury must be '*de facto*'; that is it must actually exist." *Id.* at 340. As the Supreme Court has made clear, "[t]he 'injury in fact' in an equal protection case . . . is the denial of equal treatment resulting from the imposition of the barrier, not the ultimate inability to obtain the benefit." *Ne. Fla. Chapter of Associated Gen. Contractors*

*of Am. v. City of Jacksonville, Fla.*, 508 U.S. 656, 666 (1993).

The amended complaint alleges that Halftown, an individual residing on Nation Reservation territory, "specifically relies on E911 services in the case of an emergency, and the CNPD as a nearest law enforcement first responder." ECF No. 13 ¶ 13. It further alleges that "when a person calls 911 while on Nation land, CNPD is not notified and therefore cannot respond to the emergency in a timely manner." *Id.* ¶ 65. Thus, the County Defendants' "refusal to transmit 911 calls to CNPD units endangers the health and safety of individuals within Nation Reservation territory . . . ." *Id.* ¶ 69.

In other words, the amended complaint alleges that the County Defendants' refusal to provide the CNPD access to their E911 systems makes it more difficult for Halftown, a Native American individual, to obtain the benefit of timely emergency services than it is for non-Native American individuals. This is sufficient to allege an injury in fact. *See, e.g., Comer v. Cisneros*, 37 F.3d 775, 791 (2d Cir. 1994) ("Furthermore, Stokes contends that RAC rules and regulations, in their administration, violate the Constitution because they erect a barrier that makes it more difficult for economically disadvantaged blacks to obtain a housing benefit than it is for non-minorities.")

**III. Redressability**

The County Defendants also argue that Halftown has failed to satisfy the requirement for redressability "[b]ecause it is speculative that a favorable decision by this Court, *i.e.*, CNPD obtaining access to Cayuga County's E911 system and/or Seneca County's E911 system, would redress any injury alleged by Halftown." ECF No. 29-1 at 11. Halftown points out that the amended complaint specifies that the CNPD headquarters is only "approximately one mile" from his residence, and hence that far

from speculative that CNPD access to the County Defendants' E911 system would lead to shorter response times, for Halftown "it is a near certainty that it would." ECF No. 31 at 11 (citing, *inter alia*, ECF No. 13 ¶ 73). The Court finds that the element of redressability is satisfied at this stage of the proceedings.

"The second and third standing requirements—causation and redressability—are often flip sides of the same coin." *Food & Drug Admin. v. All. for Hippocratic Med.*, 602 U.S. 367, 380 (2024). To satisfy the element of redressability, the plaintiff must show that his requested relief would provide "meaningful redress" for an injury. *Am. Cruise Lines v. United States*, 96 F.4th 283, 286 (2d Cir. 2024) (citing *Larson v. Valente*, 456 U.S. 228, 243 n.15 (1982)). Under this standard, "even when a plaintiff's requested relief 'cannot provide full redress' with respect to an injury, a federal court's 'ability to effectuate a partial remedy satisfies the redressability requirement.'" *Knight v. City of New York*, 164 F.4th 173, 179–80 (2d Cir. 2026) (quoting *Uzuegbunam v. Preczewski*, 592 U.S. 279, 291 (2021) (internal quotation marks omitted)). "If a defendant's action causes an injury, enjoining the action or awarding damages for the action will typically redress that injury." *Id.*

The amended complaint in the instant case seeks both damages and declaratory and injunctive relief, including injunctive relief requiring the County Defendants to provide access to their E911 systems that would eliminate that discrepancy in treatment which allegedly makes it more difficult for a Native American individual to obtain the benefit of timely emergency services than it is for non-Native Americans. Because "at this stage in the litigation, we must draw all reasonable inferences in favor of Plaintiff[ ] and assess only whether the allegations are sufficient to establish that [his] requested

injunctive relief would theoretically redress the alleged denial" of equal protection, the Court concludes that the requirement of redressability has been met. *Soule v. Connecticut Ass'n of Schs., Inc.*, 90 F.4th 34, 48 (2d Cir. 2023).

## CONCLUSION

For the foregoing reasons, the County Defendants' motion for reconsideration of this Court's denial of their motion to dismiss with respect to Plaintiff Clint Halftown's equal protection claim [ECF No. 29] is denied. The matter will be referred to a United States Magistrate Judge for pre-trial matters by separate order.

SO ORDERED.

Dated:     March 16, 2026
           Rochester, New York

ENTER:

HON. MEREDITH A. VACCA
United States District Judge

7